# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LICEA and ANITA OGLETREE,<br>    Plaintiffs,<br><br>        v.<br><br>VITA LIBERATA USA LLC, et al.,<br>    Defendants. | EDCV 19-753 DSF (JEMx)<br><br>Order REMANDING Case to State Court |

    This case, alleging a cause of action under California state law for violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*, was removed from state court based on diversity jurisdiction under 28 U.S.C. § 1332. In short, Plaintiffs Luis Licea and Anita Ogletree (Plaintiffs) allege that Vita Liberata USA LLC's (Defendant) website denies blind users full and equal enjoyment to their services offered to the public through its website. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for June 17, 2019 is removed from the Court's calendar.

    Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the action is between parties who are citizens of different states. 28 U.S.C. §§ 1332, 1441. "[F]ederal removal jurisdiction on the basis of diversity . . . is determined (and must exist) as of the time the complaint is filed

and removal is effected." Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002). The removing party always has the burden of establishing removal was proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The removal statute is strictly construed against removal jurisdiction. Id. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

Defendant argues remand is improper because the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). The amount in controversy is determined by the complaint operative at the time of removal. Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 414-15 (9th Cir. 2018).

"Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 399 (9th Cir. 2010) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). Individual plaintiffs are "the masters of their complaints." Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 595 (2013). An individual plaintiff therefore may "avoid removal to federal court, and . . . obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." Id. But this must occur before a case is removed. See St. Paul Mercury Indem. Co., 303 U.S. at 292 ("And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.").

The face of Plaintiff's original state-court complaint specifically limits Plaintiffs' recovery to $74,999, including the cost of complying with any injunctive relief. Dkt. 1 (Compl.), Prayer ¶¶ 2-4.

Defendant argues that Plaintiffs cannot limit the amount in controversy when the cost of injunctive relief could exceed $75,000. See Opp'n at 4. Two courts in this district have addressed similar arguments. See Baracco v. Brooks Bros. Grp., Inc., No. CV 18-9208 PSG (JPRx), 2019 WL 276840 (C.D. Cal. Jan. 22, 2019) (remanding case where defendant provided a declaration that the potential cost for injunctive relief could exceed $75,000 was insufficient without substantive evidence of how much it would cost to implement the injunctive relief sought by Plaintiff); Rios v. New York & Co., No. 17-4676 ODW (AGRx), 2017 WL 3575220 (C.D. Cal. Aug. 17, 2017) (denying motion to remand after finding the conclusory limitation appeared to be "slapdash" and contradicted Plaintiff's other statements in his prayer for relief).

Here, unlike the defendant in Baracco, Defendant has not submitted *any* evidence as to how much it would cost to make its website compliant. Nor is Plaintiffs' Complaint self-contradictory, it clearly and consistently limits any potential recovery to $74,999. Plaintiffs are masters of their Complaint and may limit their potential recovery. Defendant has failed to meet its burden to show that this Court has diversity jurisdiction.

Plaintiffs request attorneys' fees pursuant to 28 U.S.C. § 1447(c) in connection with their motion to remand. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Although the Court has held that Defendant's removal lacks merit, the Court does not find Defendant lacked an objectively reasonable basis for removal, it

was reasonable for Defendant to believe it could show the amount in controversy exceeded $75,000. Plaintiffs are not entitled to attorneys' fees.

The case is REMANDED to the Superior Court of California, County of San Bernardino.

IT IS SO ORDERED.

Date: June 12, 2019

Dale S. Fischer
United States District Judge